No. 3593

Second Circuit

(Second Division)

———

WEIL v. O'NEAL

———

(June 11, 1931.  Opinion and Decree.)

———

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellant.

John F. Phillips, of Shreveport, attorney for defendant, appellee.

STEPHENS, J.  This is a suit by H. M. Weil, wholesale produce dealer of Shreve-port, La., against Mrs. Edith C. O'Neal, a retail dealer in general merchandise, in Bossier City, La., on an account showing a balance due of $180.81.

The defendant answered, denying each of the allegations of the petition, except demand for payment, which was admitted.

Trial was had and judgment rendered in favor of defendant rejecting plaintiff's demands.  The plaintiff appeals.

The undisputed facts are that the defendant was operating a store in Bossier City, La.; and on the opposite side of the street, in the next block, a grocery store business was being conducted, to all outward appearances, solely by her stepson, J. B. O'Neal.  The defendant's credit was very good and the son's credit very bad.  The defendant wrote the following memorandum to Elston, Prince & McDade, wholesale grocers:

"Gentlemen:
"Please let J. B. O'Neal have whatever merchandise he wants, and I guarantee the account paid."

She bound herself in like manner for J. B. O'Neal, to Armour & Company, Ardis & Company, and Kalmback, Burkett & Co.  The concerns named would not sell J. B. O'Neal without the guaranty.  It was the practice of the defendant to pay all of the bills made by J. B. O'Neal in the conduct of the business of which he was in charge.  She paid such bills to the extent of some $8,000, which includes $236.29 paid the plaintiff.

The evidence relied on by the plaintiff, which is disputed, is that plaintiff, acting through M. H. Weil, arranged with the defendant to deliver goods to the J. B. O'Neal store on her account; that pursuant to that arrangement Weil would obtain

an order from J. B. O'Neal, take it to the defendant, and secure her approval thereof, prior to each delivery, made to said store; that the account was kept in the name of the defendant, and monthly statements were rendered to her over the entire period that it was open, which was about seven months.

The defendant's testimony is to the effect that she had no interest in the store operated by her son, and that she did not make any arrangement to purchase goods for him on her account; that she never bought anything from the plaintiff, and did not know of the existence of the account until her son went out of business in Bossier City.

As above stated, it is undisputed that the payments made on the account sued on which reduced it from $417.10 to $180.81, were made by the defendant. She attempted to explain this fact by stating that J. B. O'Neal would come over to her store, bring some money and some bills that were due; that he would give her a postdated check for the difference between the amount of money, and the amount of the bills; and that she would then pay the bills with her personal check.

We are of the opinion that the weight of evidence fairly preponderates in favor of plaintiff. The defendant's testimony in her own behalf stands alone, and is unsupported, even by her own admitted conduct. The testimony of M. H. Weil for the plaintiff is corroborated by the testimony of Harry Baumgardner, witness for the defendant. The latter testified that he had seen M. H. Weil on numerous occasions at the store operated by Mrs. O'Neal. This evidence corroborates Weil in his statement that he was selling the merchandise, which was delivered to the store conducted by J.

B. O'Neal, directly to the defendant, and that he went to her place of business frequently for that purpose; and it tends to refute the defendant's statement that she never had any business transaction with plaintiff. The testimony of M. H. Weil is further corroborated, in some particulars by his father H. M. Weil, and in all particulars by every fact and circumstance arising in the case, except the testimony of the defendant. J. B. O'Neal owed the plaintiff an old account long past due, at the time the account here in question was opened; his credit was known generally to be bad. The defendant executed guaranties for the benefit of J. B. O'Neal to all, it appears, who desired them. She paid with her personal checks the amounts credited on the account sued on, which not only suggests primary liability for the obligation; but renders her testimony incredible that she did not know the account existed or that it was carried on the books of plaintiff in her name. When the business conducted by J. B. O'Neal was closed, the defendant took over the assets, and though he was available as a witness, she failed to produce his testimony. J. B. O'Neal must have had knowledge of every pertinent fact pertaining to the transaction. In the light of the circumstances existing, the plaintiff could not be expected to produce his testimony. It was the duty of the defendant to produce it, and her failure to do so raises a strong presumption that his testimony would not have been of benefit to her.

The judgment herein rendered is annulled, avoided, and reversed, and there is now judgment in favor of plaintiff H. M. Weil and against the defendant Mrs. Edith O'Neal in the sum of $180.81, with legal interest on $170.06 from January 1, 1928, until paid, and like interest on $10.75 from February 1, 1928, until paid, and all costs.